Ye v. Lynch

BIA
Cheng, IJ
A200 932 280

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of January, two thousand seventeen.

PRESENT:
> DENNIS JACOBS,
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

CHANG PIN YE,
> *Petitioner,*

> v.                                          15-3346
>                                             NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Ai Tong, New York, NY.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Nancy Friedman, Senior Litigation Counsel; Margaret A. O'Donnell, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the Government's motion for summary denial is DENIED, and, having reviewed the petition on the merits, it is further ORDERED that the petition for review is DENIED.

Petitioner Chang Pin Ye, a native and citizen of the People's Republic of China, seeks review of an October 6, 2015, decision of the BIA affirming a May 1, 2014, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chang Pin Ye,* No. A200 932 280 (B.I.A. Oct. 6, 2015), *aff'g* No. A200 932 280 (Immig. Ct. N.Y. City May 1, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Government's Motion for Summary Denial

We have the "inherent authority . . . to dismiss an appeal or petition for review as frivolous when the appeal or petition presents no arguably meritorious issue for our consideration." *Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995). In light of this authority, we may grant summary denial when a petition is both without merit and frivolous. *See id.* at 16-17 (recognizing

2

that "[i]n substance, the granting of motions for summary affirmance . . . is not significantly distinguishable from dismissal of appeals as frivolous").  Summary disposition, however, is "a rare exception to the completion of the appeal process . . . [and] is available only if an appeal is truly 'frivolous.'"  *United States v. Davis*, 598 F.3d 10, 13-14 (2d Cir. 2010).

In its motion for summary denial, the Government argues that Ye "fails to identify any specific record evidence compelling a finding he testified credibly" and thus "waives this dispositive issue on review."  Gov. Mot. at 2, 8.  The Government is incorrect.  Ye challenges several of the IJ's specific findings regarding the inconsistencies in Ye's application and testimony and argues that any such inconsistencies are insufficient to support the IJ's adverse credibility determination.  Accordingly, Ye has raised arguably meritorious issues in his appeal, and we deny the Government's motion for summary denial.  Nevertheless, for the reasons discussed below, Ye's arguments are themselves unpersuasive and we deny his petition for review on the merits.

Petition for Review

Under the circumstances of this case, we have reviewed both

3

the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The agency may, "[c]onsidering the totality of the circumstances, . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant," and inconsistencies in the record evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Ye was not credible when he claimed that he suffered persecution and fears future persecution in China because of his Christian faith.

The IJ reasonably relied on Ye's demeanor in determining that he was not credible, noting that his testimony was evasive and unresponsive. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (noting that the IJ has a "unique advantage" in making the credibility finding). The record shows that Ye was evasive when testifying about how he found his original attorney (who filed his asylum

4

application and was subsequently convicted of asylum fraud). Moreover, he was unable to explain in any detail why he is Christian, despite his claim to have proselytized the religion. The IJ observed specifically that Ye's demeanor "changed dramatically" when the Government asked him why he was a Christian. C.A.R. at 54.

The IJ noted several additional aspects of the record that it characterized as inconsistencies. *See* C.A.R. 54-59. For example, the IJ faulted Ye for the fact that the medical report did not reflect a head exam or the treatment of bruises that Ye claims to have suffered as a result of his torture in detention. Moreover, the IJ expressed concern that Ye's father's initial letter in support of his application did not mention that police came to visit Ye's house after Ye's arrest, but his supplemental letter did. Finally, the IJ noted that the certificate from Ye's church confirming his attendance and arrest did not also state that the pastor of the church was arrested. Why the IJ expected the certificate to reference the pastor's arrest is not clear. In the IJ's view, Ye did not provide sufficient explanations for the inconsistent evidence. *See Majidi*, 430 F.3d at 80-81. In his petition, Ye claims that the IJ erred in finding that these were inconsistencies, and

5

he attempts to explain them. Given the deferential standard of review, however, we cannot say that the agency's adverse credibility determination was not supported by substantial evidence. 8 U.S.C. § 1158(b)(1)(B)(iii).

Finally, Ye generally challenges the IJ's determination that he does not have a well-founded fear of future persecution. The IJ reviewed China's country conditions and found that Ye did not demonstrate a clear pattern of persecution of members of unregistered Christian churches, especially in the province where Ye resided. Ye does not address the country conditions issue specifically in his brief; instead, he argues summarily that he should be granted relief "once he makes a showing that he has a well-founded fear of future persecution." Pet. Br. at 29. That argument is insufficient to disturb the agency's ruling in which we detect no error. *See Santoso v. Holder,* 580 F.3d 110, 112 & n.1 (2d Cir. 2009) (denying petition where agency considered background materials and rejected a pattern-or-practice claim). Accordingly, because Ye failed to demonstrate a well-founded fear of persecution on account of his religion, the agency did not err in denying asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the Government's motion for summary denial and the petition for review are DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk